# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA GAMING - SAN DIEGO LLC, a Michigan Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>DORSEY & WHITNEY, LLP, HOLLAND & KNIGHT, LLP, BLEDSOE DOWNES & ROSIER, P.C., JAMES TOWNSEND, PHILIP M. BAKER-SHENK, and BRADLEY GRANT BLEDSOE DOWNES, jointly and severally,<br><br>Defendants. | No.: 06-CV-2804 BTM WMc<br><br>**PROTECTIVE ORDER** |

This Protective Order shall govern the production and disclosure of confidential documents, testimony and information in this action.

## I.  PURPOSE OF THE PROTECTIVE ORDER

The purpose of this Protective Order is to provide a means for limiting access to, and the use and disclosure of, Protected Documents and Information that are produced in this action. Any unauthorized disclosure of Protected Documents and Information in violation of this Protective Order shall be subject to discipline by the contempt powers of this Court.

## II.  DEFINITION OF PROTECTED DOCUMENTS AND INFORMATION

"Protected Documents and Information" includes all documents, testimony, information or things that (1) have been or are provided, served, or produced by any party in this action; and (2) have been designated as "Confidential" or "Confidential Attorney's Eyes Only." Protected Documents and Information may include, without limitation, documents produced by any party, written declarations, written discovery responses, testimony given or produced in this action by any party or party representative, correspondence, pleadings, exhibits, expert witness disclosures, and the information contained therein.

## III.  DESIGNATION OF PROTECTED DOCUMENTS AND INFORMATION

Any party who produces Protected Documents and Information in this action may designate such Protected Documents and Information as "Confidential" or "Confidential Attorney's Eyes Only" in accordance with the provisions of this Protective Order if they believe in good faith that the information so designated is of

such character that its disclosure to unauthorized persons could reasonably result in harm.

### A.  Criteria For Classification

1.  "Confidential": Counsel of record for a party may designate Protected Documents and Information as "Confidential" if the party making such designation deems the information so designated to constitute proprietary data, or marketing, contract, financial, negotiated or similarly commercially sensitive business information or data which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials or devices.

2.  "Confidential Attorney's Eyes Only": Counsel of record for a party may designate Protected Documents and Information as "Confidential Attorney's Eyes Only" if (1) the party making such designation reasonably believes that such Protected Documents and Information satisfy the criteria for designating such Protected Documents and Information as "Confidential," and (2) which the designating party maintains in confidence and reasonably believes that unprotected disclosure might result in economic or competitive injury.

### B.  Time Of Designation

Unless otherwise agreed between counsel for the parties, the designation of Protected Documents and Information shall be made at the following times:

1.  For documents or things at the time of the production of the documents or things;

2. For declarations, correspondence, expert witness reports, written discovery responses, court filings, pleadings, and other documents, at the time of the service or filing, whichever occurs first;

3. For testimony, at the time such testimony is given by a statement designating the testimony as "Confidential" or "Confidential Attorney's Eyes Only" made on the record or, by written notification to all counsel of record within fourteen (14) days after receipt by the designating party of the deposition transcript.

### C. Manner Of Designation

The designation of Protected Documents and Information shall be made in the following manner:

1. For documents, placing the notation "Confidential" or "Confidential Attorney's Eyes Only" or similar legend on each page of such document;

2. For tangible things, by placing the notation "Confidential" or "Confidential Attorney's Eyes Only" on the object or container thereof or if impracticable, as otherwise agreed by the parties;

3. For declarations, correspondence, expert witness reports, written discovery responses, court filings, pleadings, and any other documents containing Protected Documents and Information, by placing the notation "Confidential" or "Confidential Attorney's Eyes Only" both on the face of such document and on any particular designated pages of such document; and

4. For testimony, by orally designating such testimony as being "Confidential" or "Confidential Attorney's Eyes Only" at the time the testimony is given. Thereafter, the original and all copies of the "Confidential" or "Confidential Attorney's Eyes Only" portions of the transcript of any such testimony shall be separately bound and marked by the Court Reporter with an appropriate legend and shall be disclosed only in accordance with the provisions of this Protective Order. Alternatively, counsel of record may designate portions of testimony as "Confidential" or "Confidential Attorney's Eyes Only" by written notification to all counsel of record within fourteen (14) days after receipt by the designating party of the deposition transcript.

### D.  Resolution Of Disputes Regarding Designation

The acceptance by a party of Protected Documents and Information shall not constitute an admission or concession or permit an inference that such "Confidential" or "Confidential Attorney's Eyes Only" designation is appropriate. However, the Protected Documents and Information will be treated as designated unless the receiving party follows the procedures to remove, change or otherwise declassify the designation as set forth herein.

If a receiving party at any time wishes to have the "Confidential" or "Confidential Attorney's Eyes Only" designation of any particular Protected Documents and Information removed or changed, that party shall first request in writing that the designating party remove its designation and state the reason(s) therefore. Within ten (10) business days of the receipt of such request, counsel for the party seeking confidential treatment shall respond in writing to any such notification by either (1) withdrawing such designation, or (2) stating that it refuses to do so and the reason(s) for its refusal. If the party designating the Protected Documents and

Information refuses to agree to remove or change the designation, then the party challenging the designation may move the Court in accordance with the Local Rules for an order removing or challenging the designation; provided, however, that the designating party shall have the burden of proving that such particular Protected Documents and Information are properly designated as "Confidential" or "Confidential Attorney's Eyes Only." If such motion is made, the parties shall treat the Protected Documents and Information as originally designated until the motion is decided by the Court.

### E. Inadvertent Disclosure

The inadvertent disclosure to another party of any document which is subject to a legitimate claim that the document should have been withheld from disclosure as a privileged attorney/client communication or attorney work product shall not constitute a waiver of any privilege or otherwise affect the right to withhold from production as privileged or work product any other documents, even though such documents may relate to the same or related transaction or subject matter as the document inadvertently disclosed. If a request is made in good faith to return any such allegedly privileged or work product document that was inadvertently disclosed, the party that received the document shall return the document to the producing party within thirty days of the request, together with all copies of any such documents. The privilege or work product status of such document or information, if any, shall be deemed to be restored upon the making of such request, provided, however that: (1) Nothing herein shall preclude the non-producing party from requesting the Court to determine whether the document or information is privileged or work product information. In the event that the non-producing party intends to challenge the claim of privilege, the non-producing party may retain a copy of such document for such purposes; and (2) If the producing party either (i) expresses the intent to use such document or information

at a hearing, deposition or trial, or (ii) uses such document or information at a hearing, deposition or trial, the producing party's right to request return of such document or information shall be foreclosed.

## IV. PERSONS TO WHOM PROTECTED DOCUMENTS AND INFORMATION MAY BE DISCLOSED

### A. Disclosure Of Protected Documents And Information Designated As "Confidential"

Protected Documents and Information designated by a party as "Confidential" may be disclosed and copies may be provided by the receiving party only to:

1. The receiving party's outside counsel of record and such counsel's support staff, legal assistants and clerical personnel;

2. Party representatives or employees whose assistance is required by counsel for the purposes of this litigation;

3. Any non-party support services including, but not limited to, outside copying services, document imaging and database services, graphics and design services, jury and trial consulting services (including mock jurors), and any other non-expert related support personnel whose services are reasonably necessary to assist outside counsel of record in connection with this action;

4. Expert witnesses or consultants retained by the receiving party or its respective attorneys in connection with this action, who have complied with Paragraph IV(C), below; and

5. The Court, its clerks and employees, and any court reporter retained to record proceedings before the Court in which event such information shall be filed in a redacted form and lodged in an unredacted form.

B. **Disclosure Of Protected Documents And Information Designated As "Confidential Attorney's Eyes Only"**

Protected Documents and Information designated as "Confidential Attorney's Eyes Only" may be disclosed and copies may be provided by the receiving party only to:

1. The receiving party's outside counsel of record and such counsel's support staff, legal assistants and clerical personnel, as long as they are not officers, directors or employees of the parties or of any of the subsidiaries, parents, or affiliates of the parties;

2. Any non-party support services including, but not limited to, outside copying services, document imaging and database services, graphics and design services, jury and trial consulting services (including mock jurors), and any other non-expert related support personnel whose services are reasonably necessary to assist outside counsel of record in connection with this action, provided they are not officers, directors or employees of the parties or of any of the subsidiaries, parents, or affiliates of the parties;

3. Expert witnesses or consultants retained by the receiving party or its respective attorneys in connection with this action who have complied with Paragraph IV(C) and who are not officers, directors or employees of the parties or of any of the subsidiaries, parents, or affiliates of any party; and

4.  The Court, its clerks and employees, and any court reporter retained to record proceedings before the Court in which event such information shall be filed in a redacted form and lodged in an unredacted form.

### C. Certificate Required By Party Or Person Receiving Protected Documents And Information

Party representatives and others who are entitled to receive Protected Documents and Information (including expert witnesses but excluding clerical staff and support staff and employees of the Court), prior to accepting receipt thereof, shall be furnished with a copy of this Protective Order and shall agree to be bound thereby by executing a Certificate, in the form attached hereto. Such execution certifies that the recipient has read and understands the terms of this Protective Order and agrees to be bound by its terms. Upon the request of any party, a copy of said Certificates (with the exception of non-testifying expert consultants) shall be served on all other parties.

### D. Additional Authorized Disclosure Of Protected Documents and Information

Notwithstanding any other provisions of this Protective Order, particular Protected Documents and Information may be disclosed and copies may be provided:

1.  To persons who can be shown from the face of the document to have authored, prepared, or received the document;

2.  To any other persons with the prior written consent of the party that designated such particular Protected Documents and Information; and

3. To any other persons with the prior authorization of the Court.

## V. USE OF PROTECTED DOCUMENTS AND INFORMATION

### A. Use Of Designated Protected Documents and Information

1. Protected Documents and Information designated as "Confidential" or "Confidential Attorney's Eyes Only," including all information derived therefrom, and all copies, summaries, abstracts, excerpts, and descriptions of such material, shall be held in confidence by the receiving party, shall be used only by persons permitted access to it under this Protective Order, shall not be disclosed by the receiving party to any party or person not entitled under the terms of this Protective Order to have access to such material, and shall not be used for any purpose other than in connection with this action.

2. In the event a party wishes to use any Protected Documents and Information of the other party in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such paper containing Protected Documents and Information shall be redacted and filed with the Court identifying the redacted information substantially as follows:

**CONFIDENTIAL - (OR CONFIDENTIAL ATTORNEY'S EYES ONLY) - SUBJECT TO PROTECTIVE ORDER**

> This Confidential (or Confidential Attorney's Eyes Only) information has been redacted from the public record. An unredacted copy containing this Confidential (or Confidential Attorney's Eyes Only) information has been

lodged with the Court pursuant to the terms of the Protective Order entered in this case.

Thereafter, the filing party shall lodge a copy of the document containing the Protected Documents and Information directly with the Court and shall serve a copy of such document on all other parties. The Clerk of the Court shall refrain from placing in the public record a copy of the documents containing the Protected Documents and Information that is lodged with the Court. The Clerk shall make such documents available only to the Court and to counsel of record for the parties in these proceedings, unless release is ordered by the Court, or the filing party agrees in writing to the release of such Protected Documents and Information.

3. The parties shall provide each other with a list of the other party's Protected Documents and Information that the party intends to use at trial, or in connection with any appeal of this action, at such time as the list of exhibits is ordered by the Court to be exchanged among the parties. The parties shall then meet and confer regarding the procedures for use of such identified Protected Documents and Information at trial and shall move the Court for entry of an appropriate order if required.

4. Nothing in this Protective Order shall affect the admissibility into evidence of Protected Documents and Information, or abridge the rights of any party to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Documents and Information. This Protective Order is without prejudice to any party seeking an Order from this Court imposing further restrictions on the dissemination of Protected Documents and Information, or seeking to rescind, modify, alter, or amend this Protective Order with respect to specific information. Nothing in this Protective

Order shall prevent any designating party from using or disclosing its own Protected Documents and Information as it deems appropriate.

## VI. RETURN OF DOCUMENTS OR INFORMATION

No later than ninety (90) days after conclusion of this litigation,[1] outside counsel for each receiving party or other individual subject to this Protective Order shall be under an obligation to destroy or return to the designating party any Protected Documents and Information subject to this Protective Order, including all copies thereof. Notice of the destruction or return of any such Protected Documents and Information shall be made in writing, and notice of receipt thereof shall be acknowledged in writing. Notwithstanding the foregoing provisions of this Paragraph, receiving counsel shall be entitled to retain all litigation documents containing Protected Documents and Information which become part of the record of this action, including pleadings, briefs, and exhibits, but such litigation documents shall be used only for the purpose of preserving a record of the action, and shall not, without the written permission of the designating party or an order of the Court, be disclosed to anyone not permitted to receive such information pursuant to this Protective Order.

## VII. SURVIVAL

All obligations and duties arising under this Protective Order shall survive the termination of this action. The Court retains jurisdiction over the parties hereto and all signatories of a Certificate agreeing to be bound by the Protective Order with

---

[1] As used herein, "conclusion of this litigation" is defined as the date on which this matter is settled by way of enforceable agreement or on which all appeals and rights to appeal have been exhausted, whichever is earlier.

respect to any dispute regarding the improper use of Protected Documents and Information.

## VIII. <u>VIOLATION OF PROTECTIVE ORDER</u>

Any violation of this Protective Order may constitute a contempt of Court, and be punishable as such, and may subject the offending party or non-party to such additional and further remedies as may be available to the aggrieved party.

**This order is subject to further court order based upon public policy or other reasons and may be modified *sua sponte* in the interests of justice.**

**IT IS SO ORDERED.**

DATE: AUGUST 27, 2007

Honorable William McCurine, Jr.
United States Magistrate Judge

DOCSLA-15598434.1