# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA GAMING-SAN DIEGO LLC, ,<br><br>　　　　　　　　　　　　　Plaintiff,<br>　　vs.<br><br>DORSEY & WHITNEY, LLP, et al.,<br><br>　　　　　　　　　　　　　Defendant. | CASE NO. 06cv2804-BTM (WMc)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S REQUEST FOR FEES AND COSTS |

On or about October 2, 2008, the Court allowed the parties to submit briefing on the following issue: Should Defendant Baker-Shenks and defense counsel be reimbursed for expenses and attorney fees incurred due to the last-minute cancellation by Plaintiff's lead counsel after Plaintiff's counsel suddenly fell ill the day before the scheduled deposition?

## **FACTS**

The deposition of Defendant Mr. Baker-Shenk was scheduled for September 25, 2008. However, on September 24, 2008, Plaintiff's lead counsel, Edward Chapin, became suddenly ill. As a result of Mr. Chapin's sudden illness, this Court agreed via telephone conference to continue the deposition. This Court ordered the deposition to take place in San Diego and that the deposition date be set for a mutually convenient time so long as it was completed no later than mid-November. Plaintiff agreed to pay the out-of-pocket costs Mr. Baker-Shenk incurred as a result of this cancellation, including plane and hotel fare. Those costs amounted to $1,263: specifically, $506 in

1 airfare, $29 for ground transportation, $22 for food, and $706 for lodging.  During the September 24
2 telephone conference, Defendants requested reimbursement of additional expenses relating to
3 attorneys fees and other expenses.  This Court requested letter briefing on the issue.

## **DEFENDANT'S POSITION**

Defendants contend that in addition to travel expenses, this Court should award defendants reasonable attorney's fees and other appropriate relief pursuant to Federal Rules of Civil Procedure 30(g)(1) and 30(d)(2) and Souther District of California Civil Rules 83.4(a)(1) and 83.1(a).  More specifically, defendants request reimbursement on the following expenses:

(1) $7,600 in expenses for the loss of two, full work days, eight hours per day at Mr. Baker-Shenk's normal billing rate of $475 per hour for time spent traveling to and from San Diego based on the assertion that Defendant could have spent such time working on other matters;

(2) $1,800 for additional (conservatively estimated) attorney's fees incurred because of the need for re-preparation by defense counsel for the re-scheduled deposition as a result of Plaintiff's cancellation; and

(3) $3,800 in expenses for the loss of an additional day of work by Mr. Baker-Shenk because of the need for his deposition re-preparation for the rescheduled deposition as a result of Plaintiff's cancellation.

## **PLAINTIFF'S POSITION**

Plaintiff has no quarrel with reimbursing the $1,263 of out-of-pocket expenses incurred as a result of the cancellation.  However, Plaintiff argues Mr. Chapin's cancellation of the September 25, 2008 deposition did not cause Defendants to incur additional expenses.  Therefore, Plaintiff contends Defendants should not be awarded the following expenses:

**(1) $7,600 for the loss of two full work days by Defendant, Mr. Baker-Shenk**.

Plaintiff contends Defendants did not provide Baker-Shenk's actual billing records for those two days or a statement to the effect that Baker-Shenk billed no time to clients during these two days. Plaintiff also contends that, even if Baker-Shenk did spend some or all of his travel time idle, the decision not to work during transit was his prerogative and should not be imposed on Plaintiff.  In case this Court feels inclined to reimburse Baker-Shenk for some portion of his travel time, Plaintiff argues

1  the time should not be reimbursed at Baker-Shenk's full hourly ate of $475.

2  **(2) $3,800 for the purported loss of an additional day of Baker-Shenk's time for "refresher"**
3  **deposition training and $1,800 for the anticipated attorney's fees needed for this "refresher"**
4  **preparation.**

5  Plaintiff contends Baker-Shenk is intimately familiar with the underlying facts because he is
6  a central party and named defendant to this action. Additionally, Plaintiff contends Baker-Shenk
7  should be well-versed in deposition practice and procedure because he has been an attorney with over
8  a decade of practical experience. Therefore, Plaintiff insists it is neither necessary nor credible for
9  a fact witness and attorney with Baker-Shenk's experience to require a full day to "refresh" his
10 deposition preparation.

## APPLICABLE STANDARD

12  Under the Federal Rules of Civil Procedure, Rule 26 is the omnibus rule governing all
13 discovery. *See generally* Fed. R. Civ. P. 26. Under Rule 30, "a party who, expecting a deposition to
14 be taken, attends in person or by an attorney may recover reasonable expenses for attending, including
15 attorney's fees, if the noticing party failed to: (1) attend and proceed with the deposition; or (2) serve
16 a subpoena on a nonparty deponent, who consequently did not attend." Fed. R. Civ. P. 30(g).
17 Furthermore, the district court "may impose an appropriate sanction — including the reasonable
18 expenses and attorney's fees incurred by any party — on a person who impedes, delays, or frustrates
19 the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). What constitutes reasonable expenses
20 and appropriate sanctions is a matter for the Court's sole discretion. *See Biovail Laboratories, Inc.*
21 *V. Anchen Pharmaceuticals, Inc.*, 233 F.R.D. 648, 654 (C.D.Cal. 2006).

## ANALYSIS

23 **1.    $7,600 in expenses for the loss of two work days by Mr. Baker-Shenk spent traveling to**
24 **       and from San Diego**

25  Defense counsel cites three cases to support its contention that Mr. Baker-Shenk should be
26 reimbursed $7,600 for the loss of two full work days from the time spent traveling to and from San
27 Diego. This Court is not persuaded by Defendant's reliance on the following cases.
28  First, Defendant relies on *Macrovision Corp. v. VSA, Ltd.* to support its contention that Mr.

1  Baker-Shenk should be reimbursed $7,600.  In *Macrovision*, the noticing party failed to notify the
2  attending party and its counsel that they would not attend the deposition because they believed their
3  motion for a protective order stayed the litigation, thus cancelling the scheduled deposition.
4  *Macrovision Corp. v. VSA, Ltd.*, No. 88-315-FR, 1989 WL 69961, at *1 (D.Or. June 8, 1989).  Under
5  Rule 30(g), the district court ordered travel expenses and attorney's fees for the 13.5 hours spent in
6  travel and appearing for the scheduled depositions.  *Id.* at *2.   The *Macrovision* court justified
7  awarding expenses because the court noted VSA failed to carry out its responsibility to "either appear
8  and conduct the depositions *or* to notify all interested parties of its intent not to conduct the
9  depositions." *Id.*   Unlike the counsel in *Macrovision*, however, Mr. Chapin, Plaintiff's counsel,
10 immediately notified the court and defense counsel of his intent to cancel the September 25, 2008
11 deposition due to sudden illness.  Mr. Chapin acted responsibly under the circumstances.  Therefore,
12 this Court finds *Macrovision*  unpersuasive and not supportive of Defendant's request for $7,600 to
13 reimburse Mr. Baker-Shenk.

14      Second, Defendant relies on *Root Bros. Farms v. Mak* to further support its contention Mr.
15 Baker-Shenk should be reimbursed $7,600.  In *Root Bros. Farms* defendants' counsel left plaintiff's
16 counsel a voicemail at counsel's office canceling the deposition on a Saturday before the scheduled
17 deposition on the following Monday.  *Roots Bros. Farms v. Mak*, No. 05 Civ. 10863, 2007 WL
18 2789481, at *2 (S.D.N.Y Sept. 25, 2007).  Plaintiff's counsel did not receive the message over the
19 weekend and therefore showed up for the deposition. *Id.*  The court found defendant's argument that
20 their telephonic notice was sufficient to cancel the deposition to be unconvincing because "it is
21 generally known that the vast majority of individuals do not check office voicemails on weekends and
22 holidays."  *Id.* at *8.  As a result, the court awarded plaintiff's counsel reasonable expenses and
23 reasonable attorney's fees under Rule 30(g) because defendants did not provide the plaintiff sufficient
24 notice of their intent to cancel the deposition and that defendants failed to provide sufficient
25 justification for their last-minute cancellation. *Id.*

26     Defendant's reliance on *Mak* is misplaced.  Factually, there are no similarities between *Mak*
27 and the present case.  Here, Mr. Chapin did not leave a voicemail to cancel the depositions.  Rather,
28 Mr. Chapin spoke and notified both this Court and defense counsel of his intention to cancel the

- 4 -                                        06cv2804-BTM (WMc)

1 deposition. Despite the cancellation on the day before the scheduled deposition, this Court finds Mr.
2 Chapin's last-minute cancellation was sufficiently justified as a result of Mr. Chapin's sudden illness.
3 This Court finds *Mak* distinguishable.

4 Lastly, Defendant relies on *Cronin v. Midwestern Okla. Dev. Auth.* In *Cronin*, the trial court
5 awarded reimbursement for defendants under Rule 30(g) for attorneys fees and costs for the additional
6 and unnecessary time spent attending portions of a deposition that did not pertain to their cases.
7 *Cronin v. Midwestern Okla. Dev. Auth.*, 619 F.2d 856, 864 (10th Cir. 1980). Defendant asserts the
8 Tenth Circuit in *Cronin* upheld the $5,000 award. However, *Cronin* does not support Defendant's
9 assertion. A closer reading of *Cronin* indicates the Tenth Circuit stayed the order granting
10 reimbursement pending further proceedings and noted the trial judge should reconsider the amount
11 of the reimbursement following the final disposition of the cases because it was too early to determine
12 the truthfulness of plaintiff's contention that all the matters discussed at the deposition were relevant.
13 *Cronin*, 619 F.2d at 864. *Cronin* is, therefore, distinguishable.

14 The cases Defendant cites do not support Defendant's contention that Mr. Baker-Shenk should
15 be reimbursed $7,600 for the loss of two full work days incurred from traveling to and from San
16 Diego. Mr. Chapin's last-minute cancellation of the deposition did not "impede, delay or frustrate"
17 the fair examination of the deponent. Rather, Mr. Chapin complied with Local Rule 83.4(a)(1) which
18 requires an attorney to notify all parties as soon as possible if the deposition has to be cancelled.
19 Suddenly illness was outside Mr. Chapin's control and he notified defense counsel and the court as
20 soon as he became aware he would be physically unable to conduct the September 25 deposition.
21 This Court finds there was no bad faith or dilatory conduct by Mr. Chapin in cancelling the deposition.
22 Furthermore, many parties have to travel for depositions and it should be accepted as part of the costs
23 of litigation. Therefore, this Court denies Defendant's request that plaintiff reimburse Mr. Baker-
24 Shenk $7,600 for the loss of two full days of work.

25 **2.    $1,800 for additional attorney's fees incurred because of the need for re-preparation by**
26 **defense counsel for the rescheduled deposition**

27 Defendant relies on *CoStar Group, Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780 (D.Md. 2000)
28 to support his request that this Court order plaintiff to pay defendants $1,800 for additional attorney's

fees which *will necessarily be incurred* by defense counsel to re-prepare for the rescheduled deposition. In *CoStar Group*, the district court awarded reasonable costs and attorney's fees for sanctions which included additional attorney preparation time required to retake the deposition. *CoStar Group*, 106 F.Supp. 2d at 787.

The Court disagrees with Defendant's contention. In *CoStar Group*, the re-preparation and re-taking of the deposition had already taken place. *Id*. at 788-89. Here, defense counsel requests $1,800 in reimbursement for additional re-preparation time that, from this Court's knowledge, has yet to take place. Even if re-preparation time did occur, Defendant has not provided this Court with any documentation establishing entitlement to attorney's fees. *See Trustees of Directors Guild of American-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415 (9th Cir. 2000); *see also Henseley v. Eckerhart*, 461 U.S. 424, 437 (1983) (holding that the burden of establishing an attorney's fee award "lies solely with the claimant."). Defendant has not met its burden. Therefore, this Court denies Defendant's request for $1,800 defense counsel anticipates that might  in additional attorney's fees to re-prepare for the deposition.

**3.     $3,800 in expenses for an additional day of work by Mr. Baker-Shenk to re-prepare him for the rescheduled deposition**

Defense counsel relies on *Collins v. Village of Woodridge*, 197 F.R.D. 354 (N.D.Ill. 1999) in requesting the Court to order Plaintiff to reimburse Mr. Baker-Shenk for the loss of an additional day of work which will occur as a result of Mr. Chapin's cancellation of the deposition. In *Collins*, the court found it appropriate to "permit the expert to be compensated by the opposing party for the time reasonably necessary to refresh the expert's memory." *Id.* at 358. In determining what is "reasonable" for the case, the court in *Collins* found it reasonable to expect the expert would have to review significant portions of his opinion to be able to answer questions at the deposition. *Id.* However, the court found it was not "reasonable preparation time" for experts to "completely duplicate their earlier work in order to answer questions about their opinions." *Id*.

Defendant's argument in the subject case lacks merit. First, *Collins* dealt specifically with compensation of expert witnesses. As Plaintiff points out, Mr. Baker-Shenk is a party, not an expert witness in this matter. Therefore, the *Collins* case holds little weight in supporting Defendant's

1  argument. Defense counsel contends it will take one full day to re-prepare Mr. Baker-Shenk for his
2  deposition because as a central party to the action his deposition will cover a variety of topics, events
3  and issues. Rule 26 limits discovery costs to those "reasonable" fees spent responding to discovery.
4  Fed. R. Civ. P. 26(b)(4)©). When parties submit their discovery costs, the district court has discretion
5  to limit or alter those costs if they appear to be unreasonable. *See Chambers v. Ingram*, 858 F.2d 351,
6  361 (7th Cir.1988). This Court is unaware of any actual additional re-preparation that has taken place
7  and finds no grounds to award Mr. Baker-Shenk for re-preparation time which has yet to occur.
8  Essentially, what defense counsel is asking is that this Court grant tentative or speculative discovery
9  costs. However, this Court has no way of determining whether such costs are reasonable since the
10 request is premature. Therefore, this Court denies defense counsel's request of $3,800 to re-prepare
11 and compensate Mr. Baker-Shenk for an anticipated loss of an additional day of work.

## **CONCLUSION**

13  For the following reasons stated above, this Court finds defense counsel is not entitled to any
14 of the claimed expenses and attorney's fees requested in its October 31, 2008 reply letter brief.
15 Plaintiff's counsel, Mr. Chapin complied with the Local Rules and Rule 30(g)(1) by notifying all
16 parties and the court, as early as possible, of his intent to cancel Mr. Baker-Shenk's deposition due
17 to a sudden illness. Furthermore, Mr. Chapin's cancellation of the deposition did not in violate Rule
18 30(d)(2) because his cancellation of the deposition was not intended to impede, delay, or frustrate the
19 fair examination of Mr. Baker-Shenk. Therefore, this Court finds no grounds to order plaintiff's
20 and/or plaintiff's counsel to pay Defendant and defense counsel $14,463 in fees and expenses for the
21 last-minute cancellation of Mr. Baker-Shenk's deposition.

22  However, the Court agrees with Plaintiff's willingness to pay Defendant $1,263 for the airfare,
23 transportation, food and lodging expenses incurred in connection with the cancelled deposition.
24 Plaintiff is ordered to forthwith pay the amount of the $1,263 to Defendant.

25  IT IS SO ORDERED.

26 DATED: January 27, 2009

27

28

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court