# UNITED STATES District Court
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA GAMING - SAN DIEGO, LLC,<br><br>                            Plaintiff,<br>  vs.<br><br>DORSEY & WHITNEY, LLP, et al., ,<br><br>                           Defendant. | CASE NO. 06cv2804-BTM (WMc)<br><br>ORDER RE: CIVIL SUBPOENAS SERVED ON THIRD PARTIES FOR DEPOSITION TESTIMONY |

Plaintiff has served deposition subpoenas on several members of the Native American community. Neither the Indian tribes nor these deponents are parties to the lawsuit. The individuals are third party witnesses with knowledge and information relevant to the issues involved in this civil case. The issue before the Court is whether tribal immunity protects these individuals from a federal civil subpoena for deposition. The issue is controlled by the Ninth Circuit's decision in *United States v. James, 980 F. 82nd 1314 (9th Cir., 1992).*

Appellant James, a Native American, was convicted of rape committed on the Quinault Indian Reservation. The gravamen of this case is whether the subpoena was sufficient under Federal Rule of Criminal Procedure 34. James contended the indictment was defective because it failed to state the jurisdictional fact that James is a Native American. James claimed that the defect was fatal, rendering the indictment jurisdictionally defective. The Court held the indictment was sufficient to withstand challenge after the verdict and the Quinault tribe did not waive its immunity and is thus protected from responding to the subpoena issued by the District Court.

        James also contended the District Court made a mistake in quashing the subpoena to the Quinault tribe based on sovereign immunity. The District Court had issued a *subpoena duces tecum* and an order to produce documents directed to the Director of Social Services of the Quinault Nation. James was seeking information related to the victims alleged alcohol and drug problems, which were in the possession of the Department of Social and Health Services. James made two arguments. First, he argued the tribe's immunity did not protect it from complying with a valid subpoena from a federal District Court. Second, he also contended, if the tribe had immunity, it had waived immunity by previously voluntarily supplying documents to the United States. In its ruling the Ninth Circuit found tribal immunity protected the Indian Tribe from responding to the federal criminal subpoena except where the Tribe had waived immunity. "Tribal immunity... attaches to a tribe because of its status as a dependent domestic nation.... By making individual Indians subject to federal prosecution for certain crimes, Congress did not address implicitly...the amenability of the tribes to the processes of the court in which the prosecution is commenced. Thus, we conclude that the Quinault tribe was possessed of tribal immunity at the time the subpoena was served, unless the immunity had been waived." *at 1319.* "The mere fact that a statute, 18USC section 1153 (a), granted jurisdiction to a federal court does not automatically abrogate the Indian Tribe's sovereign immunity." *at 1319.*

        James' *subpoena duces tecum* sought to distinguish between two classifications of documents: (a) general documents relating to the health and welfare of the alleged victim possessed by the Housing Authority and (b) more specific and detailed records possessed by the Department of Social and Health services, detailing the emotional, mental and physical problems of the alleged victim. With regard to the general documents, the tribe had waived its sovereign immunity by voluntarily turning over those documents to the government. With regard to the more detailed documents possessed by the Department of Social and Health Services, immunity had not been waived because the tribe had not turned over the more detailed documents possessed by that department. Moreover, the tribal members had a greater expectation of privacy regarding those more detailed documents.

        The Ninth Circuit has made it clear that it expects the trial courts to follow its decision in

1  *James*. *Bishop Paiute tribe vs. County of Inyo*, 275 F3d 893, 902-903 (9th Cir., 2002).

2      *James* supports the proposition that a tribe can waive its immunity for the purpose of
3  allowing limited civil discovery. Thus, if any of the subpoenaed deponents do not testify at
4  deposition, defendants cannot have these witnesses testify at trial or offer testimony by way of
5  affidavit or any other form. However, if the witnesses do appear for deposition in a fair and timely
6  manner for Plaintiff, defendants are free to have the witnesses testify at trial.

7      In their Joint Discovery Plan the parties identify the same potential deponents as possible
8  witnesses. The defendants do not assert any claim of sovereign immunity to defeat either party's
9  right to depose the witnesses plaintiff now seeks to depose. If the Court here grants the third
10 parties' motion to quash, the defendants should not be free to call the same witnesses to testify at
11 trial or to offer their declarations or affidavits in support of any motion. Defendants must make an
12 election as to whether they intend to call any of these witnesses to testify at trial or to offer
13 evidence by way of their affidavit or declaration. Such decision must be in writing and submitted
14 to the court no later than April 24, 2009. If the Court does not receive written affirmation on or
15 before April 24, 2009, the defendants shall not be allowed to introduce the testimony of any of
16 these potential deponents in any form in this matter.

17     IT IS SO ORDERED.

18 DATED: April 17, 2009

19                                                          _____
20                                                           Hon. William McCurine, Jr.
                                                           U.S. Magistrate Judge
21                                                            United States District Court

22
23
24
25
26
27
28