# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA GAMING — SAN DIEGO, LLC, <br><br> Plaintiff, <br> vs. <br><br> DORSEY & WHITNEY, LLP, et al., <br><br> Defendants. | CASE NO. 06cv2804 BTM (WMc) <br><br> **ORDER DENYING MOTION FOR RELIEF FROM LOCAL RULE 7.1(I)(2)** |

Plaintiff Luna Gaming has filed a Motion for Relief From Local Rule 7.1(i)(2) and for Leave to File Motion for Limited Reconsideration Based on New Evidence Improperly Withheld by Defendant Dorsey & Whitney, LLP [Doc. 265]. For the following reasons, the Motion is **DENIED.**

Luna Gaming seeks leave to file a limited motion for reconsideration of the Court's September 30, 2008 order, which granted partial summary judgment in favor of Dorsey & Whitney. That order dismissed Luna's pre-March 29, 2000 breach-of-fiduciary-duty claims against Dorsey, holding that Thomas Celani, Luna Gaming's owner, could not have reasonably believed that Dorsey represented him prior to March 29, 2000. (Sept. 30, 2008 Order 9–10.) In the order, the Court noted that Luna had failed to produce evidence supporting Celani's belief that Dorsey was Luna's attorney, such as "evidence that Townsend

and Dorsey billed Celani for its advice regarding the gaming opportunity offered by the Tribe." (Id. at 10.)

Luna Gaming now asserts that it has the very evidence the Court identified: billing statements showing that Dorsey billed Celani for advice regarding the Indian gaming project at issue. (Corey Decl. Exs. U, Z.) Luna claims that this purportedly new evidence creates a genuine issue of material fact regarding whether Celani reasonably believed Dorsey represented Luna Gaming, and that the Court should reconsider its summary-judgment order based on this evidence. (Pl.'s Br. 9.) Even though the deadline for filing motions for reconsideration is twenty-eight days after the issuance of the September 30, 2008 order, CivLR 7.1(I), Luna argues that good cause exists to depart from the deadline because the documents are crucial to its case, and Dorsey produced them well after the Court had already issued its summary-judgment order. (Id. at 8–9.)

In opposing Luna's motion, Dorsey submitted documents showing that Dorsey offered to produce the billing statements to Luna twice—and both offers were made before the Court issued its summary-judgment order. First, on December 28, 2007, in an objection to a document request, Dorsey stated that it would make available documents related to Dorsey's representation of Celani-owned entities, provided that those entities gave written consent to the production. (Gasparetti Decl., Ex. B, at 8:1–5.) Plaintiff did not respond to this offer. (Gasparetti Decl. ¶ 5.)

Second, on September 2, 2008, Dorsey wrote a letter to Luna's counsel, offering explicitly to produce bills for work Dorsey performed for Celani-related entities. (Gasparetti Decl., Ex. J.) That letter included consent forms to be signed by the Celani-related entities. Two weeks later, having heard no response from Luna, Dorsey's counsel sent an e-mail to Luna's counsel, asking that Luna confirm receipt of the letter and offering to produce the bills. But again Luna did not respond. (Gasparetti Decl. ¶ 9.)

Luna does not dispute that Dorsey offered to produce these documents on two separate occasions; nor does it dispute that it did not respond to either offer. (See Pl.'s Reply Br.)

It was not until April 3, 2009 that Luna specifically asked Dorsey to produce the bills related to Celani-owned entities. (Corey Decl., Ex. N.) In that request, Luna acknowledged that Dorsey had previously offered to produce the documents, provided Dorsey received consent to do so from the Celani entities. (Id.) Although Luna did not claim it had provided the requested consent, it demanded production of the billing statements. (Id.) Dorsey refused to produce the billing statements, and the parties reached an impasse. Eventually the magistrate judge ordered Luna to provide written consent from the Celani entities (Corey Decl. ¶ 30; Corey Decl., Ex. R.), and ordered Dorsey to produced the billing statements upon receipt of the consent. (Corey Decl., Ex. T; Corey Decl. ¶ 31.) Dorsey produced the billing statements on May 13, 2009.

On November 16, 2009, six months later after it received the billing statements, Luna filed the motion currently before the Court. Luna requests that the Court reconsider its September 30, 2008 summary-judgment order because Luna claims that billing statements are newly discovered evidence. Local Rule 7.1(i)(2) sets a twenty-eight day deadline for filing motions to reconsider. Accordingly, the Court will only consider Luna's motion to reconsider if it has established good cause to depart from the deadline.

The Court finds that Luna has not established good cause because it has not been diligent in obtaining the billings statements. First, Thomas Celani, who owns Luna Gaming, had access all along to the final bills that Dorsey sent to North American Gaming. And as outlined above, Luna's counsel had several opportunities to obtain the documents, but never provided Dorsey with the requested written consent—something it could have easily received from its client. To make matters worse, once Luna did give Dorsey consent and finally received the documents, it waited six months to file this motion. Luna's only excuse for these delays is that Dorsey submitted declarations denying the existence of such documents. (Pl.'s Br. 1) But diligence requires more than relying on the statements of the opposing party, and in this case Luna should have made efforts to obtain the documents sooner. Although Luna argues that these documents are central to its case, its argument only highlights the magnitude of its error in not exercising diligence in obtaining the documents. Accordingly,

Luna has not shown good cause to depart from the twenty-eight day deadline for filing its motion.

But even if the Court were to consider the motion for reconsideration under Rule 60, which does not have a twenty-eight day deadline, the motion would be denied.  "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted).  But evidence is not newly discovered if at the time of summary judgment it "could have been discovered with reasonable diligence." Wallis v. J.R. Simplot Co., 26 F.3d 885, 892 n. 6 (9th Cir. 1994); see Fed. R. Civ. P. 60(b)(2), (c)(1).  As outlined above, Luna could have obtained the billing statements if it had exercised reasonable diligence and, therefore, the documents are not "newly discovered evidence" for purposes of a motion to reconsider.  Id.; Frederick S. Wyle Prof'l Corp. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir. 1985).  Plaintiff had ample time to obtain these documents from its own records and through discovery.  The untimely motion disrupts the litigation schedule and seeks to delay the trial.

There are yet additional reasons to deny the motion.  First, because the draft bills were never submitted to Plaintiff, Mr. Celani could not have relied on them to justify his belief that Dorsey represented him in connection with the gaming project.  Second, the draft bills may have been written in error and hardly constitute competent evidence regarding the existence of an attorney-client relationship.  Third, regarding the final bills, Mr. Celani and Plaintiff had access to them since they were issued in early 2000.  Fourth, if any legal advice was rendered in connection with the billing statements, Plaintiff's witnesses could have testified regarding the legal advice Dorsey gave.  And fifth, if Dorsey did in fact represent Luna Gaming during the pre-March 29, 2000 time frame, one would expect to see more than 1.75 hours of billed time.  In light of all the evidence weighing against the existence of an attorney-client relationship, which the Court discussed in its September 30, 2008 order, this small number of hours is insufficient to create a genuine dispute of material fact.

For the foregoing reasons, Plantiff's Motion for Relief From Local Rule 7.1(I)(2) and for Leave to File Motion for Limited Reconsideration Based on New Evidence Improperly Withheld by Defendant Dorsey & Whitney, LLP [Doc. 265] is **DENIED.**

**IT IS SO ORDERED.**

DATED:  January 5, 2010

_____
Honorable Barry Ted Moskowitz
United States District Judge