# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA GAMING - SAN DIEGO LLC,<br><br>　　　　　　　　　　　　Plaintiff,<br>　v.<br>DORSEY & WHITNEY, LLP, et al.,<br><br>　　　　　　　　　　　　Defendant. | Case No. 06cv2804 BTM (WMc)<br><br>**ORDER RE: PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE PRIVILEGED COMMUNICATIONS** |

　　　　Plaintiff has moved in limine to preclude reference to, or evidence of, Plaintiff's privileged communications with counsel other than Dorsey & Whitney, LLP [Doc. 226]. For the following reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion.

　　　　Through their motion papers, Plaintiff Luna Gaming and Defendant Dorsey & Whitney ask the Court to resolve two issues. The first issue is whether Luna Gaming, by filing this lawsuit, has waived the attorney-client privilege with respect to communications that Luna had with other counsel regarding the Indian gaming project at the center of this case. As discussed below, the Court holds that Luna has not waived the privilege with respect to these communications, because under California law waiver occurs only when the plaintiff puts privileged communications <u>directly</u> at issue—Luna has not done that here.

　　　　The second issue for the Court to decide is to what extent may Plaintiff assert at trial that the representation by non-Dorsey counsel was limited in scope. The Court holds that if Luna Gaming wishes to present evidence at trial regarding the scope of representation,

then Dorsey will be permitted to conduct limited, expedited discovery regarding only the scope of representation.

**1. At Issue Waiver**

The Court applies California privilege law to determine whether Plaintiff waived any privilege by filing this suit.  Fed. R. Evid. 501 (stating state law determines privilege in diversity suits.); In re Cal. Pub. Utils. Comm'n, 892 F.2d 778, 781 (9th Cir. 1989).  Dorsey has the burden of proving that waiver has occurred.  Cal. Evid. Code § 917(a).  The parties agree that the only privilege exception that might apply here is an at-issue waiver.

California law recognizes an implied at-issue waiver in limited circumstances. A party "seeking to discover privileged information can show waiver by demonstrating that the client has put the otherwise privileged communication directly at issue and that disclosure is essential for a fair adjudication of the action."  S. Cal. Gas Co. v. Public Utils. Comm'n, 50 Cal. 3d 31, 40 (1990).  "[T]here is no waiver of the attorney-client privilege where the substance of the protected communication is not itself tendered in issue, but instead simply represents one of several forms of indirect evidence in the matter."  Mitchell v. Superior Court, 37 Cal. 3d 591, 606 (1984).  If a plaintiff "will attempt to prove . . . [a] claim without reference to confidential communications," then there has been no at-issue waiver.  See id. Moreover, "[p]rivileged communications do not become discoverable because they are related to issues raised in the litigation."  Schlumberger, Ltd. v. Superior Court, 115 Cal. App. 3d 386, 393 (1981).

Luna Gaming's privileged communications with firms other than Dorsey are indirect evidence in this case, and Luna has not placed them at issue.  As Luna correctly states, it does not need to introduce evidence regarding these privileged communications in order to succeed on its claim; the non-Dorsey attorneys' advice is not in issue.  See Miller v. Superior Court, 111 Cal. App. 3d 390, 394–95 (1980) (holding no waiver in malpractice action because even though plaintiff's state of mind was in issue, attorneys' state of mind was not). Although the privileged communications may be relevant to whether Luna reasonably relied

on Dorsey's legal advice, merely because a privileged communication is relevant does not mean the communication loses its privilege.  See Mitchell, 37 Cal. 3d at 608–09; Schlumberger Ltd. v. Sup. Court, 115 Cal. App. 3d 386, 393 ("Privileged communications do not become discoverable because they are related to issues raised in the litigation.").  And when a privileged communication is merely one form of indirect evidence in a matter, an at-issue waiver does not apply. So. Cal. Gas Co., 50 Cal. 3d at 41.

Furthermore, the evidence is not essential to a fair adjudication of this case. Id. (finding waiver only when communication is "essential for a fair adjudication").  Although these privileged communications might help Dorsey litigate this case, Dorsey may still defend against Luna's claims without introducing the substance of these privileged communications into evidence.  The fact that Luna retained other attorneys during the same period is not privileged.  Dorsey may make the arguments it seeks to make based on these facts. Accordingly, the Court can fairly adjudicate Luna's claims without admitting all of Luna's privileged communications with its non-Dorsey lawyers.

Dorsey cites several California cases in support of its contention that Luna Gaming has waived the privilege regarding communications with Luna's non-Dorsey counsel. But all of these cases are distinguishable.  Dorsey first cites Southern California Gas Co., which held that because the plaintiff expressly stated that it would not rely on its attorneys' advice or state of mind in proving its case, the plaintiff had not placed privileged communications at issue and, therefore, had not waived the privilege. S. Cal. Gas Co., 50 Cal. 3d at 42.  But this holding directly contradicts Dorsey's argument.  Like the plaintiff in Southern California Gas Co., Luna Gaming has expressly stated that it will not rely on communications from non-Dorsey attorneys in making its case.  (Pl. Br. 13.)

Dorsey next cites Mitchell v. Superior Court, but in that case the California Supreme Court held that no waiver had occurred. Mitchell, 37 Cal. 3d 591.  The plaintiff in that case sued an agricultural company for, among other things, intentional infliction of emotional distress for contaminating the air and ground water near her home. Id. at 595.  The
//

defendant argued that plaintiff's fears were induced by counsel, and sought to discover privileged communications between plaintiff and her attorney because those communications were relevant to the reasonableness of her fears. Id. at 651–52. The Court held that plaintiff had not placed her privileged communications at issue because plaintiff never alleged that communications with counsel caused her emotional distress, and the issue could be litigated properly without delving into privileged material. Id. at 652. For obvious reasons, this case also provides no support for Dorsey's position.

In addition to citing the preceding cases, Dorsey cites and relies primarily upon Chicago Title Insurance Co. v. Superior Court, 174 Cal. App. 3d 1142 (1985). In that case, a plaintiff title company sued a bank for, among other things, fraud. Id. at 1145. The plaintiff alleged that the bank knew that other co-defendants were engaged in a check-kiting scheme to defraud the plaintiff, but the bank failed to disclose its knowledge of the fraud. Id. at 1146–47. The bank defended the allegations by claiming that one of the plaintiff's in-house attorneys participated in the scheme, which, if true, would have undermined an essential element of the plaintiff's claim: justifiable reliance. Id. at 1147. The bank sought to depose the plaintiff's employees regarding communications between the in-house attorney and other employees. Id. at 1148. The bank argued that because justifiable reliance was an element of the plaintiff's suit, the plaintiff had placed its own knowledge of the check-kiting scheme at issue, resulting in an at-issue waiver of any privileged communications between the in-house attorney and other employees. Id. Although the court agreed with the bank that there had been an at-issue waiver, it upheld its finding of an at-issue waiver on two unique grounds. First, the in-house attorney's business and legal duties were so intertwined that the attorney and client became indistinguishable, thus jeopardizing the attorney-client privilege. Id. at 1154. Second, the in-house attorney was the person who could testify most thoroughly regarding the plaintiff's knowledge of the check-kiting scheme. Id. The Court explicitly cautioned against an overly broad interpretation of its holding: "In so ruling, we do not intend to undermine the importance of preserving confidentiality in the attorney-client relationship . . . . We merely find that given the facts of this case, Straw's merger of business and legal

functions, coupled with [the plaintiff's] assertion of detrimental reliance, has resulted in the implied waiver of the attorney-client privilege." Id.

The "peculiar surrounding circumstances" supporting the holding of Chicago Title are not present here. Id. In this case, there is no merger of legal and business functions. And although in Chicago Title the privileged communications had the potential of providing a complete defense to the plaintiff's claims, here the privileged communications are at best merely probative of whether Luna Gaming reasonably relied on statements by Dorsey attorneys. Thus, the Court declines to extend the holding of Chicago Title to this case. The Court holds that Luna, at this point, has not waived the attorney-client privilege with regard to its communications with non-Dorsey attorneys.

## 2. Plaintiff's Assertion Regarding the Scope of Representation

The next issue for the Court to decide is whether, or to what extent, may Plaintiff produce evidence at trial to prove that the scope of representation by non-Dorsey counsel was limited.[1] The answer to this question, generally, is that if Dorsey offers relevant evidence of other law firm representations of Luna, then Luna may offer evidence that those firms were not involved in the transaction at issue. The evidence that Luna offers may likely create an at-issue waiver regarding the scope of those firms' representation. Whether such a waiver results depends on the specific evidence Luna offers, and at this time the Court will not hazard a guess as to whether an at-issue waiver will occur.

Given that Luna Gaming objected to Dorsey's counsel's questions regarding the non-Dorsey firms' scope of representation during discovery, the Court finds it appropriate to permit Dorsey to conduct limited discovery if Luna Gaming intends to assert that a particular firm's representation was limited. Such an assertion by Luna would, at the very least, waive any privilege protecting the scope of those firms' representation, assuming that such

---

[1] In its reply brief, Luna Gaming also requests for the first time that the Court preclude Dorsey from submitting any evidence regarding Luna's non-Dorsey counsel on the grounds that such evidence is irrelevant, misleading, and confusing. The Court denies this request, finding that it is procedurally improper (raised in reply brief) and substantively incorrect under Sky Valley Limited Partnership v. ATX Sky Valley, Ltd., 150 F.R.D. 648 (N.D. Cal. 1993).

information is privileged under California law. Accordingly, the Court directs the following procedure to determine whether the Court will permit any additional, expedited discovery on the issue of the scope of representation:

First, by **January 18, 2010 at 5:00 p.m.** Dorsey shall submit to Luna Gaming's counsel a list of the law firms or lawyers that Dorsey will claim at trial were retained by Luna Gaming. For each listed firm, Dorsey must also include a proffer of evidence and argument, showing that the firm's representation of Luna Gaming was related to the gaming project at issue here, or is otherwise probative on some issue in this case. Dorsey may not produce any evidence at trial regarding Luna Gaming's retention of counsel not identified in this list. Dorsey shall also file a copy of this list with the Court.

Second, by **January 22, 2010 at 5:00 p.m.** Luna Gaming shall respond to the arguments and proffered evidence regarding each listed law firm. Luna Gaming shall also state whether, assuming Dorsey's evidence is admissible, it will offer its own evidence at trial related to that law firm. If Luna intends to offer such evidence, it must set forth a proffer thereof. This response must also be filed with the Court.

The Court has currently scheduled a pre-trial conference for **January 25, 2010 at 2:00 p.m.** The Court will use this time to rule on the remaining motions in limine, including ruling on any evidentiary objections pertaining to this motion. And if possible based on the evidence before it, the Court will determine whether Dorsey's evidence is admissible or whether any discovery is warranted.

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion In Limine to Preclude Reference to or Evidence of Plaintiff's Privileged Communications With Counsel Other Than Dorsey & Whitney, LLP [Doc. 226].

**IT IS SO ORDERED.**

DATED: January 11, 2010

Honorable Barry Ted Moskowitz
United States District Judge